# JAMES E. NEUMAN, P.C.

Attorney at Law
100 Lafayette Street – Suite 501
New York, New York 10013
———
TEL 212-966-5612
FAX 646-651-4559
www.jamesneuman.com
james@jamesneuman.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/29/2024

April 25, 2024

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *USA v Ramos*, 20 Cr. 182 (VEC)

Your Honor:

      I represent Bobby Ramos in the referenced case and submit this letter to ask that the pending specifications be dismissed and that his supervision be terminated early pursuant to 18 U.S.C. § 3583(e).

      <u>Background</u>

      The relevant background is as follows. On September 25, 2020, this Court sentenced Mr. Ramos to time served and 36 months of supervised release. Approximately two months before supervision was scheduled to conclude, the Probation Department filed a report specifying various violations. Essentially, the report indicated that Mr. Ramos had tested positive on certain occasions, failed drug tests, and also failed to report to a program.

      On August 10, 2023, the parties appeared. Although Mr. Ramos did not admit to any of the specifications, the parties agreed that he should attend an in-patient drug program. Because the period of supervision was nearly complete, the parties also agreed that his supervision should be extended for one year, with the understanding that the decision to extend the supervision could be revisited and potentially modified at the next conference in October, 2023.

      In late September, 2023, the Probation Department filed three new specifications, essentially indicating that Mr. Ramos had used controlled substances again and failed to participate in an in-patient program.

On October 17, 2023, the parties appeared once more before this Court. At this conference, Mr. Ramos explained why he had not entered the in-patient program. In addition, he stated that, since the last conference, he had been attending a methodone/detox clinic and had been "clean" for 2 ½ months. The conference concluded with this Court agreeing to allow Mr. Ramos to continue attending his current program and scheduling another conference in December.

On December 15, 2023, following receipt of a joint status report, this Court issued an Order, adjourning the conference to April, "with the expectation that, if Mr. Ramos continues to report to his Probation Officer as required and continues to remain drug-free, the Court would consider a motion to dismiss the violations of supervised release set forth in Probation's August 3, 2023, and September 25, 2023 violation reports." The parties then submitted a letter agreeing to the Court's proposal.

Finally, in an Order dated April 5, 2024, this Court issued an Order, noting at the outset that Probation had submitted a "status report stating, *inter alia*, that 'Mr. Ramos continues to make drastic improvements." The Order congratulated Mr. Ramos "on his sobriety and improvement," scheduled another conference for October 11, 2024, and directed the parties to provide a status report no later than July 10th.

The law and argument

18 U.S.C. § 3583(e) provides that a court may, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)©, (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

> "(1)terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

As the Second Circuit has observed, "[o]ccasionally, changed circumstances – for instance, exceptionally good behavior by the defendant *** will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the goals of section 3553(a)." *United States v Lussier,* 104 F.3d 32, 36 (2nd Cir. 1997).

In this case, Mr. Ramos was initially accused of various violations of his supervised release about two months prior to the termination of 36 months of supervised release. Essentially, he was charged with using drugs, failing drug tests, and failing to attend a drug program. At the initial conference, the parties agreed that he should attend an in-patient program and that the term

of supervised release – which by then was scheduled to conclude shortly – should be extended by one year. But the parties and Court expressly understood that decision to extend the supervision could be revisited and perhaps modified at the next conference in October, 2023. In other words, there was a hope that, if Mr. Ramos' behavior and compliance improved sufficiently, the term of supervised release would not need to be extended for a full year.

Although Mr. Ramos did not participate in an in-patient program – leading to additional specifications – his conduct did, in fact, improve. At a conference in October, 2023, Mr. Ramos explained that he had been drug-free for 2 ½ months, and was now attending an out-patient program regularly. Thereafter, following a favorable report from the Probation Department, in December, 2023, this Court adjourned matters until April, 2024, "with the expectation that, if Mr. Ramos continues to report to his Probation Officer as required and continues to remain drug-free, the Court would consider a motion to dismiss the violations of supervised release set forth in Probation's August 3, 2023, and September 25, 2023 violation reports." Since then, by all accounts, Mr. Ramos has been compliant and remained drug-free.

In view of Mr. Ramos' history of compliance over approximately the past six months, as well as his entire history, we ask that this Court dismiss all pending violations. Further, we ask that this Court terminate his supervision, which had been previously extended to September, 2024. Simply put, additional supervision is unnecessary and early termination – which would still amount to a longer term of supervision than imposed at sentencing – is warranted by the interests of justice.

Finally, I note that Probation Officer Robert Terry-Books has informed me that his office consents to this application, and AUSA Juliana Murray informs me that the government defers to the views of the Probation Department.

Respectfully submitted,

/s/
James E. Neuman

> The specifications are DISMISSED. Although the Court commends Mr. Ramos on his improvement, it declines to terminate supervised release at this time in light of the factors set forth by 18 U.S.C. §§ 3583(c), (e)(1) as well as the § 3553(a) factors.
>
> SO ORDERED.                    04/29/2024
>
> *Valerie Caproni* (signature)
>
> HON. VALERIE CAPRONI
> UNITED STATES DISTRICT JUDGE

-3-